The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on August 28, 2020, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: August 28, 2020**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 19-17489 |
| | ) | |
| PATRICK J. BUTLER & | ) | Chapter 7 |
| KELLI BUTLER, | ) | |
| | ) | Judge Arthur I. Harris |
| Debtors. | ) | |

MEMORANDUM OF OPINION[1]

On April 10, 2020, the debtors Patrick and Kelli Butler filed a motion to avoid the judicial liens of Capital One Bank USA ("Capital One"), Joseph Plonski d/b/a Plonski Realty ("Plonski"), and Cortland Savings and Banking Company ("Cortland Bank"). The debtors assert that because the judicial liens impair their homestead exemption under O.R.C. 2329.66(A)(1), the liens are avoidable under 11 U.S.C. § 522(f)(1)(A). For the reasons that follow, the debtors' motion to avoid the three judicial liens as to their residence is granted, without prejudice to

---

[1] This Opinion is not intended for official publication.

Cortland Bank's separate claim that it is also equitably subrogated to the second mortgage position in the debtors' residence held by Civista Bank. This equitable subrogation claim remains the subject of a separate adversary proceeding (Adv. No. 20-1050).

JURISDICTION

The Court has jurisdiction over this action. A motion to avoid liens is a core proceeding under 28 U.S.C. §§ 157 (b)(2)(K) and 1334, which falls within the jurisdiction granted to the Court pursuant to Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

BACKGROUND

On December 10, 2019, the debtors filed a Chapter 7 bankruptcy petition (Docket No. 1). The debtors own real property located at 28505 Osborn Road, Bay Village, OH 44140, and utilize the property as their primary residence ("the residence").

At the time of filing the petition, there were three judicial liens recorded against the residence. The first judicial lien was filed on December 5, 2017, by Plonski in the amount of $5,400.00. The second judicial lien was filed on December 14, 2018, by Capital One in the amount of $3,326.60. The third judicial lien was filed on April 29, 2019, by Cortland Bank in the amount of

2

$1,004,253.70. At the time of filing, there were also two mortgages on the residence held by Civista Bank. The first is a consumer mortgage recorded on February 26, 2016, with a balance as of the petition date of $253,860.28. *See* Proof of Claim No. 9. The second is a commercial mortgage recorded on September 1, 2016, with a balance as of the petition date of $283,256.80. *See* Proof of Claim No. 3. On April 10, 2020, the debtors filed a motion to avoid judicial liens seeking to avoid all three of the judicial liens recorded against the residence (Docket No. 76). The debtors claim that under the formula set forth in 11 U.S.C. § 522(f)(2)(A) the judicial liens impair their homestead exemption under O.R.C. 2329.66(A)(1), and therefore the liens are avoidable.

Capital One did not respond to the debtors' motion.

On April 20, 2020, Plonski filed an objection to the debtors' motion (Docket No. 84). Plonski, who is representing himself, makes no legal argument other than that it would be unfair for the debtors to avoid paying the money owed him.

On May 1, 2020, Cortland Bank filed an objection to the debtors' motion (Docket No. 94). Cortland Bank argues that its judicial lien is equitably subrogated to Civista Bank's second mortgage, which is not subject to avoidance under 11 U.S.C. § 522(f). In the alternative, Cortland Bank argues that if its lien is

3

not equitably subrogated, then there is equity in the residence over the exemption amount, and therefore its judicial lien does not impair the debtors' exemption. Cortland Bank also argues that a factual dispute exists as to the value of the residence. The debtors claim in their motion that the residence is worth $533,000 based on the county's tax valuation for 2018. Cortland Bank claims that the debtors twice submitted financial statements to Cortland Bank which valued the residence at $650,000, and that a value of $650,000 is more consistent with the average sale value of similar properties in the debtors' neighborhood.

On May 5, 2020, the debtors filed a reply to Cortland Bank's response arguing that Cortland Bank is not entitled to equitable subrogation and does not currently hold a secured interest in the residence (Docket No. 101). The debtors also argue that, even if a factual dispute exists as to the value of the residence, there is no equity to support any of the judicial liens because the sum of the two mortgages held by Civista Bank and the debtors' homestead exemption exceeds any reasonable value of the residence as of the petition date.

DISCUSSION

The debtors seek to avoid the judicial liens of Plonski, Capital One, and Cortland Bank under 11 U.S.C. § 522(f). This subsection provides in relevant part:

> (1)...the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to

4

> which the debtor would have been entitled under subsection (b) of this section, if such lien is –
>     (A) a judicial lien. . .
> (2) (A) For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>     (i) the lien;
>     (ii) all other liens on the property; and
>     (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

In *Brinley v. LPP Mortgage, LTD.*, 403 F.3d 415 (6th Cir. 2005), the Sixth Circuit explained the process to determine the extent that a judicial lien can be avoided pursuant to 11 U.S.C. § 522(f)(2). First, a court must establish the value of the property and the extent of the debtor's ownership. *Id.* at 420. Second, the court adds together all of the liens on the property and the debtor's exemption, and then subtracts the value of the property. *Id.* at 421. The court then subtracts this value from the creditor's judicial lien. If the number is positive, the creditor's lien survives to that amount. If the number is either zero or negative, the creditor's judicial lien is avoided in its entirety. *See Brinley*, 403 F.3d at 421. Pursuant to 11 U.S.C. § 522(f)(2)(B), judicial liens are stripped off a property one at a time from the most junior to the most senior. *See Jochum v. Concord Capital, L.L.C. (In re Jochum)*, 309 B.R. 327, 330 (Bankr. E.D. Mo. 2004).

5

Because Cortland Bank's lien is the most junior lien, the Court will first calculate whether Cortland Bank's lien survives. Using the property value most favorable to Cortland Bank, the calculation for Cortland Bank's lien is:

```
   $1,004,235.70  (Cortland Bank's lien)
       $3,326.60  (Capital One's lien)
       $5,400.00  (Plonski's lien)
     $253,860.28  (Civista Bank's first mortgage)
     $283,256.80  (Civista Bank's second mortgage)
 +   $290,850.00  (debtors' exemption)
   $1,840,929.38  (sum of liens and debtors' exemption)
 -   $650,000.00  (debtors' interest in the property absent liens)
   $1,190,929.38  (extent to which lien impairs debtors' exemption)
```

Because the impairment is greater than the amount of Cortland Bank's lien of $1,004,235.70, Cortland Bank's judicial lien is completely avoided as to the debtors' residence.

As noted earlier, Cortland Bank also asserts that its judicial lien is equitably subrogated to Civista Bank's second mortgage, which is not subject to avoidance under 11 U.S.C. § 522(f); however, Cortland Bank's equitable subrogation claim is independent of its judicial lien. Whether Cortland Bank has a valid equitable subrogation claim is the subject of a separate adversary proceeding (Adv. No. 20-1050). This Court's holding that Cortland Bank's judicial lien may be avoided under § 522(f) of the Bankruptcy Code is without prejudice to Cortland Bank's separate claim that

it is also equitably subrogated to the second mortgage position in the debtors' residence held by Civista Bank.

Next, the Court will calculate whether Capital One's lien survives. The calculation for Capital One's lien is:

```
     $3,326.60   (Capital One's lien)
     $5,400.00   (Plonski's lien)
   $253,860.28   (Civista Bank's first mortgage)
   $283,256.80   (Civista Bank's second mortgage)
 + $290,850.00   (debtors' exemption)
   $836,693.68   (sum of liens and debtors' exemption)
 - $650,000.00   (debtors' interest in the property absent liens)
   $186,693.68   (extent to which lien impairs debtors' exemption)
```

Because the impairment is greater than the amount of Capital One's lien of $3,326.60, Capital One's judicial lien is avoided in its entirety as to the debtors' residence.

Next, the Court will calculate whether Plonski's lien survives. The calculation for Plonski's lien is:

```
     $5,400.00   (Plonski's lien)
   $253,860.28   (Civista Bank's first mortgage)
   $283,256.80   (Civista Bank's second mortgage)
 + $290,850.00   (debtors' exemption)
   $833,367.08   (sum of liens and debtors' exemption)
 - $650,000.00   (debtors' interest in the property absent liens)
   $183,367.08   (extent to which lien impairs debtors' exemption)
```

Because the impairment is greater than the amount of Plonski's judicial lien of $5,400, Plonski's lien is avoided in its entirety as to the debtors' residence.

Indeed, even if the debtors' residence were valued at $800,000, a value no party has even suggested, there would still be no equity to support any of the three judicial liens as to the debtors' residence.

Cortland Bank has also objected to the debtors' claim of a homestead exemption; however, in a separate order, this Court has overruled that objection. As the Court noted in the separate order, Cortland Bank has not argued that the debtor's claim of a homestead exemption is invalid under state or federal law. Rather, Cortland Bank maintains that under the doctrine of equitable subrogation it is entitled to the second mortgage lien position held by Civista Bank ahead of the debtors' homestead exemption. Therefore, the debtors have made a valid claim of exemption for purposes of avoiding these three *judicial* liens as to their residence under 11 U.S.C. § 522(f).

## CONCLUSION

The debtors' motion to avoid the three judicial liens as to their residence is granted, without prejudice to Cortland Bank's separate claim that it is also

8

equitably subrogated to the second mortgage position in the debtors' residence held by Civista Bank. This equitable subrogation claim remains the subject of a separate adversary proceeding (Adv. No. 20-1050).

IT IS SO ORDERED.